EDGAR F. LEONARD *vs.* EDWARD F. DRAPER & others.

Norfolk. January 27, 1905. — March 3, 1905.

Present: KNOWLTON, C. J., MORTON, LORING & BRALEY, JJ.

*Bills and Notes. Street Railway. Corporation. Contract,* Consideration.

Under R. L. c. 73, §§ 83, 84, the indorser of a promissory note warrants to all subsequent holders in due course the validity of the instrument and that all prior parties had capacity to act, and this was the rule before the passage of the negotiable instruments act.

In an action against indorsers of a promissory note who signed for the accommodation of the maker before the note was indorsed by the payee, the defences of invalidity and want of consideration are open under R. L. c. 73, § 81, in the same way that they would be in an action against the maker.

A street railway company may purchase shares of its own stock. The prohibition contained in R. L. c. 112, § 26, relates to the stock of other railway companies.

A corporation unless forbidden by statute to do so may purchase shares of its own stock.

The delivery of shares of stock in a corporation, supposed at the time to be of value but afterwards proving to be worthless, is a good consideration for a promissory note given in payment for the shares.

CONTRACT against the maker and indorsers of a promissory note for $1,675, dated September 14, 1900, and payable one month after date. Writ dated October 30, 1900.

The Superior Court gave judgment for the defendants on an agreed statement of facts; and the plaintiff appealed.

*E. F. Leonard, pro se.*

No counsel appeared for the defendants.

*W. W. Crapo, C. W. Clifford & O. Prescott, Jr.,* by leave of court, filed a brief for a judgment creditor of one of the defendants.

KNOWLTON, C. J. This is an action upon a promissory note on which the defendants' names appear as indorsers. It is

agreed that the note was duly signed and delivered and that due demand was made and notice given to charge the defendants as indorsers. These facts make a *prima facie* case against the defendants.

The defence relied upon is founded on a former note, which was paid in part by cash and in part by giving the note in suit. That note was executed in the name of a street railway corporation, by its treasurer, was payable to the order of O. M. Draper, who was the wife of the treasurer, and was indorsed by her and by the defendants, and they seem to have indorsed for the accommodation of the company. It is agreed that Draper, the treasurer, had no authority to sign the note for the corporation, and if the suit were against the corporation, this fact would be a good defence. But it is of no avail to these defendants. If we look to the form of the instrument alone, in which the name of the payee appears as the first indorser and the names of the defendants as subsequent indorsers, the R. L. c. 73, §§ 83, 84, apply, and the defendants warranted, among other things, the validity of the instrument, and that all prior parties had capacity to contract. This was the rule before the passage of the negotiable instruments act. *Kenworthy* v. *Sawyer*, 125 Mass. 28.

If the defendants signed before the payee indorsed the note, in regard to which the statement of agreed facts is silent, they are within § 81 of this chapter, under which they are liable to the first holder of the note after it takes effect, and to all subsequent parties. As the defendants signed for the accommodation of the maker, if they signed before the payee indorsed, defences as to legality or consideration are open under § 81, as they would be in a suit against the maker. *Dunscomb* v. *Bunker*, 2 Met. 8.

The only question as to legality which has been brought to our attention, arises from the fact that the note was given for capital stock of the corporation, which its officers thought it desirable to have the corporation buy. It is suggested that the purchase of shares of its capital stock by a street railway company is illegal, and that therefore a note given in payment for such stock is void. We have been referred to no authority in support of this proposition. Such a purchase was not a reduction of the capital stock within the meaning of R. L.

c. 112, § 22, for the stock was kept in existence, ready to be sold and transferred to another party. The prohibition of ownership by a street railway company, contained in R. L. c. 112, § 26, relates to stock in another company, and not to the purchase of its own stock. The right of corporations to purchase their own stock, unless forbidden by statute, has been recognized. *Dupee* v. *Boston Water Power Co.* 114 Mass. 37, and cases cited. We discover no element of illegality in the note.

Nor do we see any reason to doubt that it was given for a valuable consideration. It was given for stock which was delivered in exchange for the note. The stock was property, and it was then supposed to be of value. The mere fact that subsequently it proved to be worthless does not affect the validity of the note. There was nothing in the former note that renders the note in suit incapable of enforcement.

*Judgment for the plaintiff.*