## Beeber, Appellant, v. Wilson.

*Corporations—Stockholders—Distribution of assets—Payment of corporate debts—Misconduct of officers—Equity—Parties—Right of stockholder to sue.*

1. One who is indebted to a corporation cannot be compelled to pay any part of his debt to a stockholder of the corporation.

2. Distribution always conditions the right of a stockholder to have any part of the corporate assets, and only a majority of the directors or stockholders, when acting in their corporate capacities, or a court of justice in a litigated proceeding, can legally make such distribution.

3. If a corporation is controlled by one or more persons who wrongfully convert corporate funds to their own use, minority stockholders may maintain a bill in equity to compel payment to the corporation, and may, when occasion requires it, prevent improper distribution after such payment has been made.

4. The rights of a stockholder, as such, can only be worked out through the corporation, and not in his individual name.

5. A stockholder cannot recover unless he shows an injury to himself individually, apart from the injury to the corporation in which he is a stockholder.

Argued January 6, 1926. Appeal, No. 405, Jan. T., 1925, by plaintiff, from judgment of C. P. No. 5, Phila. Co., Dec. T., 1923, No. 10, 373, for defendant on question of law raised by affidavit of defense, in case of William F. Beeber v. G. Searing Wilson. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit by minority stockholder to recover share of corporate moneys received by defendant.

Question of law raised by affidavit of defense. Before MARTIN, P. J., and MONAGHAN and SMITH, JJ.

The opinion of the Supreme Court states the facts.

Judgment for defendant on question of law raised by affidavit of defense. Plaintiff appealed.

*Error assigned* was, inter alia, judgment, quoting record.

*Dimner Beeber*, with him *Harry J. Alker, Jr.*, for appellant.—Plaintiff had the right, as a minority stockholder, to bring this suit as an individual: Penn Bank to use v. Hopkins, 111 Pa. 328; Porter v. Healy, 244 Pa. 427.

*M. B. Saul,* of *Saul, Ewing, Remick & Saul,* with him *Francis H. Bohlen, Jr.,* for appellee.—An action of assumpsit will not lie where there is no contract, expressed or implied, between the parties: Brown v. Orr, 112 Pa. 233; White v. Bank, 252 Pa. 205; Passmore v. Allentown & R. T. Co., 267 Pa. 356.

The transaction complained of was a purely private one in which appellant had no interest and caused him no loss: Porter v. Healy, 244 Pa. 427.

OPINION BY MR. JUSTICE SIMPSON, January 18, 1926:

The combined holdings of defendant and certain relatives of his were considerably more than a majority of the stock of a corporation, which owned and operated a large office building in the City of Philadelphia. Defendant was the president and a director of the company, his brother was secretary, treasurer and a director thereof, and his other relatives completed the board of directors, with the exception that one of the board was an employee of defendant. Plaintiff was a minority stockholder.

While the status was as stated, defendant, on behalf of himself and his relatives, made a written agreement to sell all their stock to certain outside parties, stipulating therein that, pending the settlement, no new leases would be made for offices in the building, for a longer period than one year, or at a rental below that theretofore required; that no lease would be given for any part of the first floor (which was then vacant or about to become so) without the approval of the proposed purchasers; and that no liability would be incurred except for current and necessary expenses in operating the building. The agreement further provided that, at the time of settlement (which was fixed for not later than September 15th of the then current year), defendant and his relatives would resign as officers and directors of the corporation, but that he and his brother should nevertheless receive their salaries to the end of

the year. It was also agreed that if the intending purchasers failed to make settlement by the date specified, the hand money paid by them should be retained by the vendors, as and for liquidated damages.

The purchasers paid $125,000 on account, but afterwards refused to further comply with their contract, whereupon defendant, claiming that the minority stockholders had no interest in the money, refused to permit them to participate in its distribution. Plaintiff then brought the present action in assumpsit, in his own name and to his own use, alleging that the payment inured to the benefit of the several stockholders individually, in such an amount as his or her shares bore to the total capitalization of the company; asserting also he would have received his due proportion thereof, as thus computed and sued for, "if the said sum had been paid to the corporation, as it should have been, instead of being attempted to be appropriated by the defendant." The court below held that, if defendant was not entitled to retain the money, it belonged to the corporation, and not to plaintiff and the other stockholders individually, and hence plaintiff could not maintain the action in its present form; judgment for defendant followed, and plaintiff appealed.

The judgment must be affirmed. We know of no principle of law by which one who alleges that a defendant, who retains money which should have been paid to a corporation, can be compelled to pay any part of it to a stockholder of that company, merely because such stockholder would receive a part of the money if it was paid to and distributed by the corporation. Distribution always conditions the right of a stockholder to have any part of the corporate property, and only a majority of the directors or stockholders, when acting in their corporate capacities, or a court of justice in a litigated proceeding, can legally distribute any of those assets to the shareholders. If the corporation is controlled by one or more persons who wrongfully convert corporate funds

to their own use, minority stockholders may maintain a bill in equity to compel payment to the corporation (Commonwealth Title Ins. & Trust Co. v. Seltzer, 227 Pa. 410), and may, when occasion requires it, prevent improper disposition of it after such payment has been made: Gowan v. Penna. Plate Glass Co., 184 Pa. 1, 9; Schipper Bros. Coal Mining Co. v. Economy Domestic Coal Co., 277 Pa. 356.

To permit each individual stockholder to sue for his supposed proportion of corporate assets, would be intolerable. Only by payment to the corporation itself can creditors be fully protected. If every minority stockholder could sue in his own name for his supposed proportionate share of a fund alleged to be illegally withheld from the corporation, an innumerable number of suits might result (in the case of the Pennsylvania Railroad Company, for instance, if all such shareholders sued separately, there would be in the neighborhood of a seventh of a million of such actions), some of which might be won and others lost by the respective shareholders. When plaintiff became a stockholder he knew, for he was bound to know, that his rights, as such, would have to be worked out through the corporation, and not in his individual name: McAleer v. McMurray, 58 Pa. 126, 128; Craig v. Gregg, 83 Pa. 19; White v. First National Bank of Pittsburgh, 252 Pa. 205. As said in the last cited authority (pages 213-14) "the difficulty with the plaintiff's case is that he has failed to show any injury to himself apart from the injury to the corporation, in which he is a stockholder."

Porter v. Healy, 244 Pa. 427, upon which plaintiff greatly, if not entirely, relies, does not aid him in this action, brought in his own name and to his own use. In that case plaintiff had sold and disposed of his stock upon the false and fraudulent representation that the majority stockholders, who purported to act on behalf of all those who owned shares, were receiving from the purchasers (who were to take all the stock of the cor-

poration) a given price per share only, whereas the acting majority were in fact receiving an additional sum, under a secret agreement with the purchasers. This was a conspiracy to cheat and defraud the minority; as there stated, (page 438), recovery was sought for "injury......not to the company but to the individual plaintiffs," and the amount of recovery, if any, did not and could not belong to the corporation. The wrong was to the plaintiff individually, and as a result thereof he parted with his stock for an inadequate price. Of course he, and not the corporation, was entitled to recover for the loss he thus personally suffered.

The judgment of the court below is affirmed.