GEORGE H. DUSTIN *vs.* RANDALL FAICHNEY CORPORATION
& others.

Suffolk.    December 5, 1927.— March 6, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Corporation*, Directors' liability, Purchase by corporation of its own stock.
    *Contract*, Validity.    *Equity Jurisdiction*, To enforce liability of director
    of corporation.

A suit against a Massachusetts corporation by a creditor to enforce the
    liability of directors under G. L. c. 156, §§ 36, 37, may be maintained
    although the plaintiff is a stockholder in the corporation as well as a
    creditor.
A contract made by a purchaser of capital stock of a corporation, which
    provided for employment of the purchaser by the corporation and that
    the corporation had the right to terminate the employment on sixty
    days' notice and that his stock "in the Corporation . . . [was] to be
    bought back" by the corporation "at the same rate as . . . [he] paid
    for it, if . . . [he should] so desire," is not invalid as against public
    policy.

BILL IN EQUITY, filed in the Superior Court on February 7,
1927, and afterwards amended.

The defendant demurred to the bill as amended.    The
demurrer was heard by *Morton*, J., who overruled it and
reported his ruling to this court for determination.

*T. W. Morris*, (*S. L. Solomont* with him,) for the defend-
ants Buff, Everts and Ladd.

*D. Burstein*, for the plaintiff.

CARROLL, J.    In the Superior Court the demurrer of the
defendants Buff, Everts and Ladd to the plaintiff's amended
bill in equity was overruled, and the case was reported to
this court.

The bill alleges that it is brought under G. L. c. 156, § 38,
by a creditor of the defendant corporation in behalf of him-
self and such other creditors as may join against the corpora-
tion and against the officers and directors thereof, to enforce
the statutory liability of such directors and officers; that
the corporation was organized under the laws of Massachu-

setts; that Buff, Everts and Ladd were directors in December, 1924, when the plaintiff made a contract with the corporation, by which he offered to buy $10,000 worth of preferred stock of the corporation "at the price of 80 with a bonus of 50% of Common," and agreed to work for the corporation at $60 a week, the corporation to have the right to terminate the relation on sixty days' notice, and the plaintiff's stock "in the Corporation . . . [was] to be bought back" by the corporation "at the same rate as . . . [he] paid for it, if . . . [he should] so desire"; that this offer was accepted, and in pursuance of the agreement the plaintiff paid to the corporation $10,000 "in exchange for a certificate of stock representing one hundred and twenty (120) shares of the preferred stock . . . and a certificate of stock representing sixty-two (62) shares of the non par common stock"; that before entering into the agreement it was represented to the plaintiff that the corporation had a surplus in excess of $10,000; that in October, 1925, the defendant corporation terminated the employment of the plaintiff; that he thereupon demanded $10,000 in exchange for the capital stock held by him, and the demand was refused. The bill also alleges that the stock cannot be readily resold at a reasonable price; that no certificate under G. L. c. 156, § 16, to validate subsequent issues of stock, has ever been submitted to the commissioner of corporations; that the stock issued to the plaintiff has never been carried on the books or records of the corporation as part of its validly issued capital stock; that in December, 1926, the plaintiff, in accordance with G. L. c. 156, § 38, made a further demand in writing on the corporation for the performance of its contractual obligation with him which it has refused to perform; that while the defendants Buff, Everts and Ladd were officers and directors, capital stock was issued in violation of G. L. c. 156, §§ 15 and 16, without any of said directors being recorded as voting against such issue; that they have signed reports under c. 156 which were false and known to be such, or which on reasonable examination they could have known to be false. The bill sets out specific instances where stock of the corporation was issued greatly below its par value. The bill further alleges that at

various times the directors signed certain statements required by G. L. c. 156 which were false.

·The principal grounds of the demurrer are that the plaintiff as a stockholder, although a creditor, cannot maintain the suit under G. L. c. 156, § 38; and further, that the performance of the alleged contract is against public policy.

By G. L. c. 156, § 36, so far as material to the issue, the president, treasurer and directors of the corporation are made liable for the debts and contracts of the corporation if stock is issued in violation of § 15 or §16, or if any statement or report required by this chapter is made by them which is false in any material representation which they knew or had reasonable cause to have known to be false.  By § 38 the president, treasurer or a director shall be so liable under § 36 or § 37, if, before the suit to enforce such liability is brought by a creditor of said corporation, a written demand by or on behalf of the creditor upon such corporation for the payment of his claim has been made, and said corporation has for ten days thereafter neglected to pay.

It has been held that a stockholder who is a contract creditor is not entitled to the remedy provided under St. 1862, c. 218, § 4.   Potter v. Stevens Machine Co. 127 Mass. 592. The ground of that decision was that a stockholder who was a creditor could not enforce the liability under the statute which required that all stockholders should be joined as defendants.  In the course of the opinion it was said at page 594: "The intention is to protect third persons, who deal with the corporation. . . . The remedy is fitted to enforce the liability of stockholders in favor of outside parties, and not to adjust the conflicting and complicated claims of stockholders among themselves . . . .  The requirement that all stockholders must be joined as defendants implies that those who are plaintiffs and those who join in the prosecution of the suit are creditors only, and not stockholders."

Thacher v. King, 156 Mass. 490, was a suit in equity to enforce a liability under Pub. Sts. c. 106, § 62.   The plaintiff himself was a director.   It was held that he could not recover. It was said at page 494: "When we come to the matter of remedy, it is also clear that only those who are creditors

within the meaning of §§ 60 and 61 can avail themselves of the provisions of § 64, and that there also directors are not regarded as creditors. The creditors there referred to are clearly those to whom the directors and stockholders are liable by reason of the existence of some one or more of the conditions enumerated in §§ 60 and 61. . . . In addition to the fact that to hold that an officer was a creditor would be to make him plaintiff and defendant, it is plainly implied that he is not regarded as a creditor."

These decisions are not applicable here. The plaintiff is not seeking the benefit of the statute under which he himself is liable or to enforce a stockholder's liability; nor is he a director or officer of the corporation. He is a stockholder and also a creditor. Being a creditor, he can avail himself of the statute to recover against the defendants.

In our opinion a stockholder who is also a creditor of the corporation may employ the remedy given to creditors against the officers and directors of the corporation. The language of the statute and the reason for its enactment apply to all creditors alike; and a stockholder who is also a creditor should not be deprived of the benefit given. An employee or a merchandise creditor may own a small amount of stock in a corporation in which he has little influence in the management and little or no knowledge of its corporate affairs. There is nothing in the statute which excludes such a creditor from pursuing the remedy provided in the statutes. We therefore do not think it necessary to consider whether under the agreement of the parties the sale of the stock was absolute or merely conditional. See *Schaefer* v. *Strieder,* 203 Mass. 467.

The defendants also contend that the performance of the contract is against public policy for the reason that the corporation is asked to buy its own stock. It is settled in this Commonwealth that a corporation, unless forbidden by statute, may purchase its own stock, and an agreement to do this is enforceable. *Dupee* v. *Boston Water Power Co.* 114 Mass. 37. *New England Trust Co.* v. *Abbott,* 162 Mass. 148, 152. *Lindsay* v. *Arlington Co-operative Association,* 186 Mass. 371. *Leonard* v. *Draper,* 187 Mass. 536. *Tapper* v.

*Boston Chamber of Commerce*, 235 Mass. 209, 218. A purchase by a corporation of its shares of stock does not necessarily amount to a reduction of its capital stock, "for the stock was kept in existence, ready to be sold and transferred to another party." *Leonard* v. *Draper, supra*, page 538.

The plaintiff alleged that before the contract was made it was represented to him that the corporation had a surplus greatly in excess of $10,000, and contends that, if there was in fact any illegality in the contract, it is for the defendants to allege and prove it. See *Richards* v. *Ernst Wiener Co.* 207 N. Y. 59. On this demurrer to the bill no such question arises. The rights of other creditors do not appear to be involved. The order overruling the demurrer was right and it is affirmed. According to the terms of the report, the defendants have the right to plead or answer.

*Ordered accordingly.*