JOHAN M. ANDERSEN & others *vs.* ALBERT & J. M. ANDERSON MANUFACTURING COMPANY & others.

Suffolk. January 3, 1950. — February 9, 1950.

Present: QUA, C.J., RONAN, WILKINS, SPALDING, & COUNIHAN, JJ.

*Corporation,* Purchase by corporation of its own stock, Officers and agents, Treasury stock, Stockholder. *Equity Jurisdiction,* Minority stockholders' suit. *Equity Pleading and Practice,* Parties, Decree, Appeal.

A corporation was an indispensable party to a minority stockholders' suit in equity against directors and officers based on the defendants' refusal to sell to the plaintiffs treasury stock alleged to have been purchased and held by the corporation as a part of a scheme of the defendants to secure and keep control of the corporation.

A decree, entered in a minority stockholders' suit in equity on motion by the defendant corporation, dismissing the bill as against it was a final decree and its propriety might properly be brought to this court by appeal before trial on the merits against other defendants.

BILL IN EQUITY, filed in the Superior Court on March 26, 1948.

The plaintiffs appealed from decrees entered by order of *Brogna,* J.

*R. B. Coulter,* (*P. S. Ratzkoff* with him,) for the plaintiffs.
*D. J. Triggs,* (*W. L. Allen & M. McConnell* with him,)
for the defendants.

RONAN, J. This is an appeal by the plaintiffs from a final
decree dismissing as to the defendant corporation a bill in
equity brought by the plaintiffs as minority stockholders, and
such other stockholders .as might become parties, against
the corporation, a majority of its directors, and certain other
officers, to compel the defendants to sell to the plaintiffs
five hundred shares of treasury stock of the corporation.
The plaintiffs have also appealed from the denial of motions
to vacate the final decree, to amend the bill, and to admit
other stockholders as parties plaintiff.

The bill alleges that the defendants Alf E. Anderson,
Andreas Anderson, and W. Lloyd Allen up to December
31, 1945, were minority stockholders and that they entered
into an arrangement with the defendant Maxwell McCon-
nell by which the latter sold one hundred eight shares of
the stock of the defendant corporation to Alf E. Anderson,
one hundred eight and two thirds shares to Andreas Ander-
son, and seven hundred fifty shares to the corporation which
the latter has since held as treasury stock; that as a result
of these purchases the defendants Alf E. Anderson, Andreas
Anderson, and Allen became the holders of a majority of the
stock; that this arrangement with McConnell was made for
the sole purpose of ousting the other stockholders from con-
trol of the corporation and to secure control for themselves;
and that, although the by-laws of the corporation require
the directors to sell the treasury stock when in their dis-
cretion they deem it for the best interest of the corporation
to do so, they have refused to sell this treasury stock and
have retained the same for the primary purpose of main-
taining the control of the corporation. The bill further
alleges that the plaintiffs on November 27, 1947, made an
offer in writing to purchase five hundred shares of this
treasury stock for $100 a share, the value which the directors
had placed upon the shares of stock of the corporation in the
previous September, but that the defendants Alf E. Ander-

325 Mass. 343                                             345

Andersen *v.* Albert & J. M. Anderson Manuf. Co.

son, Andreas Anderson, Allen, and McConnell, constituting a majority of the directors, in order to perpetuate the control of the corporation in Alf E. Anderson, Andreas Anderson, and Allen, have refused to accept this offer. The bill prays that the defendants be compelled to accept this offer, and for general relief. The corporation filed a motion to dismiss on the ground that no relief was sought against the corporation and that it was neither a necessary nor a proper party to the suit. The motion was allowed, and a final decree followed dismissing the corporation as a party.

The first question presented is whether this appeal from the final decree dismissing the bill as against the corporation is properly before us, especially when it appears that the suit is still pending as against all the individual defendants. The answer to this question depends upon the nature of the suit and the effect of this decree upon the suit.

We shall first discuss the nature of the suit. A minority stockholder's bill may be maintained to vindicate some right which the corporation possesses and which has been impaired or injured by the misconduct of those who were in charge of its affairs. Such a bill is brought in behalf of the corporation to enforce a cause of action which the corporation has against certain of its officers but which the corporation cannot bring in its own behalf because it is controlled by those whose wrongful conduct has damaged it. The plaintiffs in such a bill cannot ordinarily enforce a mere personal right as distinguished from a corporate right, and the proceeds of such a suit belong to the corporation and not to the plaintiffs, although the latter might be allowed costs and expenses out of the amount recovered. *Guay* v. *Holland System Hull Co.* 244 Mass. 240. *Sagalyn* v. *Meekins, Packard & Wheat Inc.* 290 Mass. 434, 441. The real party in interest is the corporation, although the stockholders may gain some indirect benefit if restitution is made to the corporation by those who have mismanaged its affairs. Suits are frequently brought to secure restitution or damages because of the loss of corporate assets or some damage to corporate property or pecuniary interests. *Baker* v. *Allen,*

292 Mass. 169. *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398. *Shaw* v. *Harding,* 306 Mass. 441. *Durfee* v. *Durfee & Canning, Inc.* 323 Mass. 187.

The directors stand in a fiduciary relation to the corporation, and are bound to act honestly and in good faith solely in the interests of the corporation and to subordinate to that paramount duty their own individual benefit and personal gain. *Lazenby* v. *Henderson,* 241 Mass. 177. *Beaudette* v. *Graham,* 267 Mass. 7. A corporation has a vital interest in seeing that its business is conducted in an orderly manner in compliance with its by-laws, and that its directors act faithfully in administering its affairs, including the issuance and purchase of its capital stock. *Meier* v. *First Citizens Bankers Corp.* 301 Mass. 410, 412. *Lydia E. Pinkham Medicine Co.* v. *Gove,* 303 Mass. 1, 12. *Mellen* v. *Berg,* 316 Mass. 252.

A corporation unless forbidden by statute has the right to purchase its shares of stock and to retain them in its treasury until in the judgment of the directors a favorable opportunity is presented for their disposal. *Dupee* v. *Boston Water Power Co.* 114 Mass. 37, 43. *Leonard* v. *Draper,* 187 Mass. 536, 538. *Dustin* v. *Randall Faichney Corp.* 263 Mass. 99, 102, 103. *Winchell* v. *Plywood Corp.* 324 Mass. 171. No question is raised here as to the authority of the directors to purchase stock of the corporation. In the case at bar the purchase of the stock in behalf of the corporation is only a part of the transaction. The acquisition of some of the stock by two of the directors, the purchase of the remainder to be held as treasury stock, and the subsequent reduction of the number of outstanding shares resulted in ousting the remaining stockholders, other than Allen, from the control of the corporation and in transferring control to such two directors and Allen. Seventy-five thousand dollars of corporate funds were expended in the purchase of this stock. Directors cannot take advantage of their official position to manipulate the issue and purchase of shares of the stock of the corporation in order to secure for themselves the control of the corporation and then to place the owner-

325 Mass. 343                                    347

Andersen *v.* Albert & J. M. Anderson Manuf. Co.

ship of the stock in such a position as will perpetuate that control. Such action constitutes a breach of their fiduciary obligations to the corporation and a wilful disregard of the rights of the other stockholders. *Elliott* v. *Baker*, 194 Mass. 518. *Albert E. Touchet, Inc.* v. *Touchet*, 264 Mass. 499. *L. E. Fosgate Co.* v. *Boston Market Terminal Co.* 275 Mass. 99. *Borg* v. *International Silver Co.* 11 Fed. (2d) 147. *Kullgren* v. *Navy Gas & Supply Co.* 110 Colo. 454. *Essex* v. *Essex*, 141 Mich. 200. *Way* v. *American Grease Co.* 15 Dick. (N. J.) 263. *Glenn* v. *Kittanning Brewing Co.* 259 Pa. 510. *Luther* v. *C. J. Luther Co.* 118 Wis. 112. *Runswick* v. *Floor*, —— Utah, ——.[1]

Now a word as to the effect of the decree dismissing the bill as to the corporation. It is plain from what has already been said that the corporation is not a mere bystander in the controversy over which faction shall control its affairs, especially where, as here, it is charged that its property is being manipulated solely for the personal gain of a group of its directors. The corporation is not only a normal and proper party to the bill but an indispensable party. *Turner* v. *United Mineral Lands Corp.* 308 Mass. 531, 538. Upon the dismissal of the bill as to the corporation, the suit lost all its vitality and existed only in form, and the court could upon its own motion dismiss it. *First National Bank* v. *Crafts*, 145 Mass. 444, 447. *Bayer & Mingolla Construction Co. Inc.* v. *Streeter*, 318 Mass. 311, 313. A decree having this effect is final and an appeal is properly before us. *Hutchins* v. *Nickerson*, 212 Mass. 118, 120.

It follows from what has been said that there was error in the decree dismissing the bill as to the corporation.

The remaining question is the remedy available to the plaintiffs. They do not seek to set aside the transfer of the stock from McConnell to the two Andersons and to the corporation. Their efforts apparently are directed toward the disposal of the treasury shares or at least five hundred of them. It is plain that upon the allegations of the bill the

---

[1] 208 Pac. (2d) 948.

defendants should not be ordered to accept the plaintiffs' offer to purchase five hundred shares. It is not the function of a stockholder's bill to secure individual relief for a stockholder. *Converse* v. *United Shoe Machinery Co.* 209 Mass. 539, 541. But if the plaintiffs are not entitled to the relief requested in their specific prayer, they may under the general prayer of the bill be granted such relief as is not inconsistent with the specific prayer. *Bleck* v. *East Boston Co.* 302 Mass. 127. *Parry* v. *Parry*, 316 Mass. 692. *Old Colony Trust Co.* v. *Wood*, 321 Mass. 519.

There has been no trial upon the merits, and until the facts are established it is difficult to state in advance what the final decree should contain in the event that the material allegations in the bill are sustained. See *Borg* v. *International Silver Co.* 11 Fed. (2d) 147.

There was no error in refusing to vacate the final decree and to grant a rehearing on the motion to dismiss. Nor was there error in the denial of the motions to permit others to intervene and to amend the bill, both of which to a large extent rested in the sound discretion of the judge.

It follows that the interlocutory decree allowing the motion to dismiss and the final decree are reversed. The interlocutory decrees denying the various motions are affirmed, and the suit is to stand for a hearing in the Superior Court in accordance with this opinion.

*So ordered.*