# Yonai v. Northern Star Development Corp.

*Dean A. Bowman,* of *Kimmel & Rascona,* for plaintiff.

*Dennis Gounley* and *William D. Boyle,* for defendant.

COFFROTH, *P. J.,* April 1, 1975—This case is here on defendant's preliminary objections to plaintiff's complaint in equity for partition of land.

The land is owned by defendant, Northern Star Development Coporation, of which plaintiff, Yonai, and defendant, Wertz, are the sole shareholders. The land is situate in this county; the registered office of the corporation is in Westmoreland County.

The objections ask for dismissal of the complaint on the ground that: "The complaint states on its face that the Court of Common Pleas of Westmoreland County has jurisdiction, but the complaint was filed in Somerset County with a Somerset County docket number." The caption of the complaint and of its cover state that the action is in the Court of Common Pleas of Westmoreland County, but it has, in fact, been filed in Somerset County.

Defendants contend that this is, in reality, a proceeding for the winding up of a corporation over which this court has no jurisdiction, and which must be brought in the county where the corpora-

tion has its registered office under section 1107C of the Business Corporation Law, Act of May 5, 1933, P.L. 364, as amended, 15 P.S. §2107. Plaintiff responds that this is not a petition to wind up the corporation, but is an action for partition of real estate which is properly brought in the county where the land lies. In addition, plaintiff asserts that the preliminary objections do not clearly raise a question of jurisdiction but only a matter of the form of the caption which inadvertently mentions the Court of Common Pleas of Westmoreland instead of Somerset County.

We agree that the specification of Westmoreland County in the caption is an amendable inadvertence, and we, therefore, consider the caption of the complaint now amended to read, In the Court of Common Pleas of Somerset County, without further proceedings. See Jacobs v. Brooks (No. 2), 30 Somerset 130 (1973) and Pa. R.C.P. 126. We also agree with plaintiff that this is not a proceeding to wind up the corporation; although it may have that effect if allowed to proceed, it is clearly labeled and intended as a partition action, and partition is the relief sought. The action must stand or fall as a partition action. Accordingly, venue is in Somerset County where the land lies: Pa. R.C.P. 1552.*

But the action is not sustainable as a partition action because a corporate shareholder may not maintain an action against his fellow shareholders

---

* As to the argument that the preliminary objections do not properly raise a question of jurisdiction, the question is one of venue, not jurisdiction. See Commonwealth v. Ansell, 56 D & C. 2d 759, 26 Somerset 248. In view, however, of our disposition of the case, the point is immaterial.

for partition of the corporate real estate. There can be no partition unless the parties are co-tenants: 78 P. L. Encyc. (Partition), §2. As stated in 2 Goodrich-Amram, section 1551-1:

"Partition is a proceeding to divide land among co-owners, so that each may enjoy his share in severalty. It is a possessory action, its purpose and effect being to give to each of the number of joint owners the possession to which he is entitled of his share in severalty. The primary purpose of partition is the division of the land, and a sale of the land is a secondary proceeding, to be adopted as a last resort when a division is found impracticable."

Shareholders of a corporation are owners of its capital stock, not of its assets. They do not, therefore, possess the requisite co-ownership to support partition of those assets. Compare Scheetz v. Tradesmens, 23 D. & C. 209. Therein lies the fallacy of plaintiff's position.

In Coleman v. Heiple (No. 1), 29 Somerset 357 (1974), we had occasion to make this distinction between the rights of the corporation and the rights of shareholders in corporate assets. There, we said at page 361:

"The very purpose of the corporate device is to establish a legal entity separate and distinct from its shareholders and managers. Long experience shows the wisdom of maintaining that distinction in corporate legal and financial affairs."

What the court said in Puritan Coal Mining Co. v. Pennsylvania R. Co., 237 Pa. 420, 441, 85 Atl. 426, 432 (1912), goes to the jugular:

"The argument in support of the contention fails to distinguish between the corporation and its shareholders. They are not one and the same. The

latter are not owners of the property of the corporation, but the title to the property rests exclusively in the entity called the corporation. It follows that shareholders of a corporation have not, by mere fact of being shareholders, any agency for the corporation or any authority to act for it; nor can they convey or assign its property although all unite, unless through formal action of the corporation they have been made its agents to that end."

We further said in Coleman, supra, at page 361:

"Occasionally the courts will 'pierce the corporate veil' and treat shareholders as though they were the corporation. But that is a remedial device, a legal fiction, used only where necessary to do justice. PLE Corporations, Section 3."

In the instant case, there is not only no need to pierce the corporate veil; doing so would likely produce injustice. To award to plaintiff, or to any shareholder, his so-called share in the corporate real estate would bypass corporate creditors and work a fraud upon them. Also, as the court said in Beeber v. Wilson, 285 Pa. 312, 316, 131 Atl. 854, 855 (1926):

"To permit each individual stockholder to sue for his supposed proportion of corporate assets, would be intolerable . . . If every minority stockholder could sue in his own name for his supposed proportionate share of a fund alleged to be illegally withheld, an innumerable number of suits might result (in the case of the Pennsylvania Railroad Company for instance, if all such shareholders sued separately, there would be in the neighborhood of a seventh of a million of such actions), some of which might be won and others lost by the corporate shareholders. When plaintiff became a stockholder, he knew, for he was bound to know, that

his rights, as such, would have to be worked out through the corporation, and not in his individual name."

Partition proceedings are not designed to protect the rights of corporate creditors and shareholders in corporate affairs. To invoke judicial inquiry upon corporate affairs, plaintiff must follow established procedures and forms of action for so doing. Here, plaintiff is trying a short-cut to obtain his "share" of corporate assets, which violates traditional concepts. We again resort to Coleman, supra, for the answer to that attempt, at page 362:

"Short-cuts in legal procedures which have been carefully developed by the courts over a long period of time in an effort to do substantial justice to the legitimate interests of multiple parties, should not be disregarded lightly in the name of modernity, but only where it is crystal clear that usual procedure is counter-productive."

Accordingly, the complaint states no cause of action in partition as a matter of law and is demurrable. Although the preliminary objections set forth no such demurrer, the defect is substantive, is not waived and can be raised later in the case: Pa. R.C.P. 1032(1). Therefore, allowing this action to proceed is a fruitless undertaking, and we, therefore, exercise the prerogative of the court to grant, sua sponte, the relief to which defendants are now entitled even though not specifically claimed by them: Jacobs v. Brooks (No. 2), supra; 1 Goodrich-Amram, §1021.

## ORDER

Now, April 1, 1975, the preliminary objections are sustained and the complaint is dismissed; costs on plaintiff.