**PENNSYLVANIA HOUSE DIVISION
OF GENERAL MILLS,
INC., Plaintiff,**

v.

**Claude Holbert McCUEN, Defendant.**

Civ. A. No. J85–0760(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

Nov. 18, 1985.

A. Spencer Gilbert, III, David W. Clark, Wise, Carter, Jackson, Miss., for plaintiff.

H. Lanier B. Foote, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on motion of the plaintiff and counterdefendant, Pennsylvania House division of General Mills, Inc. (Pennsylvania House), to dismiss the counterclaim filed by the defendant, Claude Holbert McCuen. The court, having considered the motion together with the briefs filed in support and opposition thereto, is of the opinion that the plaintiff's motion is well taken and should be granted.

Pennsylvania House filed this action to enforce a guaranty and indemnity agreement executed by the defendant in favor of plaintiff. Plaintiff asserts that under the terms of this agreement McCuen agreed to guarantee the obligations due and owing to plaintiff by Highfill's Classic Furniture Galleries, Inc. (Highfill's). Defendant, a stockholder in Highfill's, seeks in his counterclaim to recover from Pennsylvania House the sum of $135,500.00, representing his investment in the common stock of the corporation. The defendant asserts that Pennsylvania House breached certain obligations owed to Highfill's causing it to go out of business and resulting in a loss to McCuen of his investment in the business.

Plaintiff contends that McCuen, as a stockholder, may not assert claims which belong to the corporation or which are derived from injuries to the corporation. Under Mississippi law, a corporation is an entity separate and distinct from its shareholders and an action to redress injuries to a corporation, whether arising in contract or tort, cannot be maintained by a stockholder in his own name but must be brought by the corporation. *Bruno v. Southeastern Services, Inc.*, 385 So.2d 620 (Miss.1980). In that case, the court stated the well-established rule that a stockholder may not bring an individual cause of action against third persons for a wrongful injury suffered by a corporation even though the injury may result in the destruction or depreciation of the value of the plaintiff's corporate stock. *See Stevens v. Lowder*, 643 F.2d 1078 (5th Cir.1981); *Gregory v. Mitchell*, 634 F.2d 199 (5th Cir.1981); *United States v. Palmer*, 578 F.2d 144 (5th Cir.1978). The court in *Bruno* noted an exception to this rule when the stockholder shows a violation of a duty owed directly to him and emphasized that in determining whether a claim may be asserted by a

stockholder, a court must closely examine the injuries sought to be redressed.

McCuen argues that his counterclaim does not arise as a stockholders' derivative action but from the contractual agreement between plaintiff and him personally as guarantor of the corporation's obligations. He contends that he agreed to guarantee Highfill's obligations to the plaintiff in consideration for plaintiff's agreement to assume certain duties enumerated in paragraph D of the counterclaim. He charges that such duties were owed directly to him and would have benefited the corporation, a third party. The defendant has brought no such agreement to the attention of the court and has not cited any authority to support his position.[1]

This issue was directly addressed by the Mississippi Supreme Court in *Vickers v. First Mississippi National Bank*, 458 So.2d 1055 (Miss.1984). In that case, a stockholder brought suit seeking damages from the defendant bank for losses sustained as a result of the defendant's alleged breach of an agreement to provide the plaintiff's corporation with interim ship construction financing. The trial court granted defendant's motion for summary judgment and on appeal the Supreme Court stated the issue to be "whether, in the context of a third party beneficiary contract, a promisee/shareholder in the beneficiary corporation may on proper proof recover damages of and from his promisor consistent with our recent decision in *Bruno v. Southeastern Services, Inc.*, 385 So.2d 620 (Miss.1980)." 458 So.2d at 1056. Inasmuch as the plaintiff sought to recover loss of income and profits from the corporation and the loss of his investment, the court held that under the rule announced in *Bruno*, those claims were for damages suffered by the corporation and could only be brought in a stockholders' derivative suit.

The court went further, however, examining the allegations that the defendant owed substantial contractual duties to the plaintiff individually and stating:

A review of the agreement of January 19, 1976, suggests that James D. Vickers is a party to it in his individual capacity and that the Bank undertook substantial obligations owing to Vickers, although for the benefit of the corporation. Moreover, in addition to the *Bruno*-type damages sought, Vickers and his trustee also claim that Vickers, *individually* and not just derivatively, has been damaged, and recovery is sought therefor.

458 So.2d at 1062.

The court stated that under *Bruno* a plaintiff promisee has no standing to sue and recover from a promisor where all damages claimed were sustained by the corporate beneficiary and the losses incurred by the promisee were wholly derived from the corporation's losses. With regard to the plaintiff's claims for damages sustained by him individually, the court reversed and remanded for a trial on the merits. In the case before the court, the only actual damage claimed by the defendant in his counterclaim is the loss of his investment in the corporation which under the holdings of *Bruno* and *Vickers* is considered damage suffered by the corporation and not recoverable by the defendant in his individual capacity.

This court is therefore of the opinion that the defendant lacks standing to maintain his counterclaim for the loss of his investment and that the plaintiff's motion to dismiss the counterclaim is well taken and should be granted. It is, therefore, ordered that the defendant's counterclaim be and hereby is dismissed.

ORDERED this 18th day of November, 1985.

---

**1.** McCuen points out that Pennsylvania House has brought a similar action in the United States District Court for the Middle District of Louisiana naming Highfill's as a defendant. In that case, Highfill's has filed a counterclaim raising essentially the same issues which the defendant here attempts to raise, further evidencing the fact that those injuries for which the defendant seeks damages are injuries suffered by the corporation, not the defendant individually, and that to allow the defendant to bring this counterclaim would be to allow the multiplicity of suits which the *Bruno* decision sought to avoid.