**HOWELL STEEL COMPANY, INC. Lee Coker and Francis Coker, Plaintiffs,**

**v.**

**TRUSTMARK NATIONAL BANK, Defendant.**

No. J86–0224(L).

United States District Court, S.D. Mississippi, Jackson Division.

May 1, 1987.

Elliott Andalman, Andalman, Adelman & Steiner, Hattiesburg, Miss., for plaintiffs.

Robert G. Nichols, Jackson, Miss., Trustee in Bankruptcy.

Frank M. Holbrook, Thompson, Alexander & Crews, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion to stay and to dismiss filed by defendant Trustmark National Bank (Trustmark). Plaintiffs Howell Steel Company, Inc. (Howell Steel), Lee Coker and Francis Coker have filed timely response to the motion, and the court has considered the memoranda of authorities submitted by the parties in support of their respective positions.

On March 25, 1986, an involuntary Chapter 11 bankruptcy petition was filed against Howell Steel. Subsequently, on May 5, 1986, Howell Steel consented to the petition and converted the involuntary Chapter 11 case to a voluntary case under Chapter 7 of Title 11 of the United States Code. The bankruptcy court, on May 6, 1986, appointed Frank Youngblood as trustee for Howell Steel, and on June 17, 1986, Youngblood accepted the appointment and is presently trustee for Howell Steel.

■ This action was instituted on May 5, 1986 by Howell Steel and the two Coker plaintiffs, alleging as the sole basis for federal jurisdiction that defendant Trustmark violated the Racketeer Influenced Corrupt Organization Act, 18 U.S.C. § 1961, *et seq.* (RICO). Additional pendent state law claims were also alleged. Trustmark's motion seeks an order staying prosecution of Howell Steel's claims and dismissing the claims of Lee Coker and Francis Coker.

At the time of the filing of the motion to stay the claims by Howell Steel, the trustee in bankruptcy was not involved in this litigation. Plaintiffs have since acknowledged that all assets and potential assets of Howell Steel, including the claims in this lawsuit, are vested in the bankruptcy trustee and as such, his authorization and/or participation in this cause of action is necessary in order to proceed. This court has now granted Howell Steel's motion to substitute the trustee in bankruptcy as plaintiff for Howell Steel, by order dated February 17, 1987. Consequently, the motion to stay prosecution of Howell Steel's claims is not well taken and should be denied.

■ The issues involved in the motion to dismiss involve the Coker plaintiffs. Trustmark contends that all of the claims asserted by the Cokers are premised on alleged wrongful acts committed against Howell Steel by Trustmark, and that since the Cokers' claims are derivative of claims asserted by the corporation, they should be dismissed. It is undisputed that Lee Coker is the sole shareholder of Howell Steel. The parties agree that injuries to a corporation, whether arising out of contract or tort, cannot be maintained by shareholders but must be brought in the corporate name since the action belongs to the corporation and not the shareholders, whose rights are merely derivative. *See Stevens v. Lowder*, 643 F.2d 1078, 1080 (5th Cir.1981). Thus, only a corporation may bring a RICO action to redress injuries suffered by the corporation. *See Nordberg v. Lord, Day & Lord*, 107 F.R.D. 692 (S.D.N.Y.1985). Under a well-recognized exception, however, a shareholder is permitted to sue and is considered a real party in interest where he is able to show a violation of a duty owed directly to him. *See Vickers v. First Mississippi Nat'l Bank*, 458 So.2d 1055, 1061 (Miss.1984); *Crocker v. McMullan*, 623 F.Supp. 963, 965–66 (S.D.Miss.1985); *Pennsylvania House Div. of General Mills, Inc. v. McCuen*, 621 F.Supp. 1155 (S.D.Miss. 1985). To determine whether a shareholder falls within this exception to the general rule, state law is determinative. *Crocker*, 623 F.Supp. at 966 n. 1. Moreover, in determining whether a claim may be as-

serted by a shareholder, the court is required to closely examine the alleged injuries sought to be redressed. *McCuen,* 621 F.Supp. at 1155–56.

■ According to the complaint in the case at bar, plaintiff Lee Coker personally guaranteed all outstanding debts owed by Howell Steel to Trustmark. The guarantee, he contends, was required by Trustmark in consideration for money loaned to Howell Steel. The Cokers further allege that in 1982, Trustmark required them to lend $200,000 to Howell Steel in consideration for the bank's restructuring debts of Howell Steel. In order to obtain the funds to lend Howell Steel, the Cokers mortgaged their homestead and other real property. In response to interrogatories propounded by Trustmark to the Cokers, requesting the "full particulars regarding all oral contracts ... that you claim Trustmark breached and for which you seek recovery in this action," the Cokers explained as follows:

> Plaintiffs Lee Coker and Francis Coker, because they had mortgaged their homestead property to defendant in order to lend Howell Steel Company money at the specific request of the defendant, were entitled to rely upon the implied and expressed obligations of the defendant to act in good faith and in a commercially reasonable manner in its dealings with Howell Steel Company. As the guarantor of Howell's obligations to the defendant, plaintiff Lee Coker has a reasonable expection [sic] to rely upon the expressed and implied obligations of the defendant to act in good faith and in a commercially reasonable manner in its dealings with Howell Steel Company. As the owner and sole stockholder of Howell Steel Company, all contracts between Howell Steel Company and Trustmark were made, in part, for the benefit of plaintiff Lee Coker.

When asked what legal duties were owed to them by Trustmark, the Cokers responded that defendant owed them a legal duty of proceeding in a commercially reasonable manner and in good faith in the defendant's commercial dealings with Howell Steel.

It is clear from the foregoing that the only injuries charged by the Cokers were caused by Trustmark's alleged breach of contracts existing between Howell Steel and Trustmark, together with the duties associated therewith, including the duty to act in a commercially reasonable manner and in good faith toward Howell Steel. The only "duty" which the Cokers contend was owed by Trustmark was a duty to Howell Steel. They have failed to demonstrate any duty which Trustmark owed them directly. Consequently, the court concludes that the Cokers' claims are clearly derivative of Howell Steel's.

■ Moreover, damages which the Cokers allege they sustained resulted from their status as creditors of Howell Steel. The damages they claim to have suffered include their borrowing of $200,000 from Trustmark, mortgaging of their homestead and guaranteeing of Howell Steel's debt to Trustmark. The court is of the opinion that the Cokers' lending funds to the corporation, and mortgaging their home in order to do so, was a voluntary act on their behalf and represents no more than an investment in the corporation, thus placing them in no better position than any other creditor of Howell Steel. The only loss asserted is the Cokers' loss of their investment in the business. With reference to the guaranteeing of the debt of the corporation, this court has previously held that the execution of such a guarantee, without more, does not give the guarantor standing to maintain a claim for the loss of his investment. *See McCuen,* 621 F.Supp. at 1156.

■ This court is of the opinion that the duties owed to and injuries suffered by the Cokers are wholly derivative of those of Howell Steel. Therefore, Trustmark's motion to dismiss the claims of plaintiffs Lee Coker and Francis Coker is well taken and should be granted.[1]

---

1. In addition to the RICO claims asserted by the Cokers, they have alleged numerous pendant state law claims. However, inasmuch as the sole basis for federal jurisdiction is the RICO

Accordingly, it is ordered that defendant Trustmark's motion to stay the claims by Howell Steel is denied; the motion to dismiss the claims by Lee Coker and Francis Coker is granted.

claim, and inasmuch as the plaintiffs have failed to establish their right to sue under RICO independent of the corporation, the state law claims will be dismissed as well.