**Abraham Lincoln Hotel Corp. v. Metropolitan Edison**

*Harold E. Kohn* and *Daniel B. Huyett,* for plaintiffs Abraham Lincoln Hotel Corporation and Grace Charleston.

*Samuel B. Russell,* for defendant Metropolitan Edison Company.

ESHELMAN, W.R., *J.,* December 12, 1988 — This case involves an appeal from a demurrer entered on the claim of a stockholder of a corporation against a third-party defendant premised on injury caused to the corporation by negligence of defendant.

Plaintiffs' amended complaint alleges that beginning in July 1984, plaintiffs, Abraham Lincoln Hotel Corporation and Grace Charleston, who owns substantially all of the stock of Lincoln Corporation, undertook the rehabilitation and improvement of the Abraham Lincoln Hotel; that Charleston advanced and invested personal funds and personally guaranteed certain obligations of Lincoln Corporation to accomplish said rehabilitation; that defendant Metropolitan Edison Company, supplier of electricity for Abraham Lincoln Hotel, in October 1987 undertook modifications and repairs to certain electrical lines and equipment controlled by defendant and contained in an underground vault at the hotel; that on November 11, 1987, an explosion and fire originating within the vault caused by negligence of Met Ed resulted in severe damage to the hotel and contents resulting in cessation of hotel operations and inability to operate the hotel profitably, causing financial loss to Charleston and subjecting her to future financial loss.

Plaintiffs' amended complaint sets forth two counts: count I, negligence claim against Met Ed for damages sustained by Lincoln Corporation; and count II, negligence claim against Met Ed for

financial loss individually sustained by Charleston. Met Ed filed preliminary objections in the nature of a demurrer, contending that: (a) Charleston does not have a valid claim for individual economic loss in her capacity as a stockholder and creditor of Lincoln Corporation and guarantor of corporate obligations, and (b) Charleston does not have a valid claim for individual economic loss in the absence of direct physical harm to her or her property.

On September 19, 1988, upon consideration of defendant's preliminary objections in the nature of a demurrer to count II, the briefs of argument submitted, and oral argument heard thereon, we sustained Met Ed's preliminary objections, allowing plaintiffs opportunity to file an amended complaint. (We did not address count I of plaintiffs' amended complaint which was not included in Met Ed's preliminary objections.) Plaintiffs appealed to the Superior Court of Pennsylvania from our order of September 19, 1988. Hence this memorandum opinion.

Pa.R.C.P. 1017(b)(4) allows defendant to challenge preliminarily the legal sufficiency of plaintiffs' cause of action. A preliminary objection in the nature of a demurrer admits as true all well-pleaded material, relevant facts. *County of Allegheny v. Commonwealth*, 507 Pa. 360, 490 A.2d 402 (1985). A demurrer will be sustained only when it appears with certainty that the law permits no recovery under the allegations pleaded. *Daniel Adams Association Inc. v. Rimbach Publishing Inc.*, 287 Pa. Super. 74, 429 A.2d 7826 (1981). Any doubts in the determination should be resolved by overruling said objections. *Hoffman v. Miscericordia Hospital of Philadelphia*, 439 Pa. 501, 267 A.2d 867 (1970).

Plaintiffs contend that as a direct result of Met Ed's negligence, Charleston has and will sustain

certain economic losses, specifically (1) that the value of Charleston's investment in the shares of Lincoln Corporation has diminished; (2) that the funds personally advanced and loaned to Lincoln Corporation have not and cannot be paid to Charleston; and (3) Charleston, as guarantor for obligations of Lincoln Corporation, may be forced to make payment under her personal guarantees, thereby sustaining personal losses. Plaintiffs contend that Charleston as shareholder, creditor and guarantor has suffered and will suffer injuries separate and distinct from other shareholders and therefore may recover from defendant in her own right. We find plaintiffs' contentions to be without merit.

## Charleston as Shareholder

The rule in Pennsylvania is that a stockholder of a corporation cannot maintain an action for indirect injury done to him or her as a result of injury to the corporation, *Burdon v. Erskine,* 264 Pa. Super. 584, 401 A.2d 369 (1979), citing *Kelly v. Thomas,* 234 Pa. 419, 83 Atl. 307 (1912). However, "[a] stockholder can maintain an action, where the act of which complaint is made is not only a wrong against the corporation, but is also in violation of duties arising from contract, or otherwise, and owing to him directly." *White v. First National Bank of Pittsburgh,* 252 Pa. 205, 213, 97 Atl. 403, 405 (1916). 12B Fletcher Cyc. Corp. §5911, at 420-1 (perm. ed.) sets forth the circumstances under which a stockkholder can maintain an individual action:

"If the injury is one to the plaintiff as a stockholder and to him individually, and not to the corporation, as where the action is based on a contract to which he is a party, or on a right belong-

ing severally to him, or on a fraud affecting him directly, it is an individual action. On the other hand, if the wrong is primarily against the corporation, the redress for it must be brought by the corporation, except where a derivative action by a stockholder is allowable, and a stockholder cannot sue as an individual . . . The action is derivative, that is, in the corporate right, if the gravamen of the complaint is injury to the corporation, or to the whole body of its stock or property without any severance or distribution among individual holders, or if it seeks to recover assets for the corporation or to prevent the dissipation of its assets." (footnotes omitted)

In the instant case Lincoln Corporation is the only party alleged to have been directly injured by the negligence of Met Ed. Charleston has no personal connection or relationship with Met Ed, and her alleged injury is only indirect as a stockholder. She cannot maintain an individual action because it is not based on a contract, to which she is a party, or a right belonging severally to her, or on a fraud affecting her directly.

Allthough Charleston alleges diminution in the value of her shares of stock in Lincoln Corporation as a result of Met Ed's negligence, this is an indirect harm to her and she has no right to sue. *Kauffman v. Dreyfus Fund Inc.*, 434 F.2d 727 (3d Cir. 1970).

Charleston's allegation that she owns substantially all of the stock of Lincoln Corporation does not give her standing for an individual action against Met Ed. *White v. First National Bank of Pittsburgh, supra.*

"The fact that a stockholder owns all, or practically all, or a majority of the stock, does not of itself authorize him to sue as an individual. This is because the sole shareholder is regarded as having taken advantage of the opportunity to operate his

business as a corporate entity, with all of the advantages that business device confers. Regardless of the identity of financial interests between corporation and shareholder, he cannot employ the corporate form to his advantage in the business world and then choose to ignore its separate entity when he gets to the courthouse . . . ·

"The reason underlying the general rule requiring the action to be brought by the corporation, even when the stockholder dominates the corporation, is not only that such a single action will avoid a possible multiplicity of actions by various stockholders and will not act as a bar to a subsequent action by the corporation, but also that the damages so recovered may be available for the payment of the corporation's creditor as well as for distribution to the stockholder or stockholders." 12B Fletcher Cyc. Corp.; § 5910, at 418 (perm. ed.) (footnotes omitted)

The Supreme Court reasoned in *Beeber v. Wilson,* 285 Pa. 312, 316, 131 Atl. 854, 855 (1926): "When plaintiff became a stockholder he knew, for he was bound to know, that his rights, as such, would have to be worked out through the corporation, and not in his individual name." (citiations omitted)

Plaintiff contends that there are two exceptions to the general rule that a stockholder cannot bring an individual action for injury to the corporation, namely (1) where there is a special duty, such as contractual duty, between the wrongdoer and shareholder, and (2) where the shareholder suffered an injury separate and distinct from that suffered by the other shareholders, and that Charleston as a guarantor of loans to Lincoln Corporation and a creditor of Lincoln Corporation comes within the second exception. However, plaintiffs are unable to cite any cases on point from Pennsylvania or other courts supporting this contention.

*Stockholder Charleston as a Guarantor*

Although plaintiff cites *Davis v. United States Gypsum Company*, 451 F.2d 659 (3d Cir. 1971), in support of Charleston's claim as guarantor, it is not applicable. In *Davis* plaintiff was a minority stockholder of Cardinal American Inc., and a guarantor on certain notes given by Cardinal American Inc. Plaintiff Davis alleged, inter alia, that defendant corporations and certain officers of one of the corporations had conspired to defraud Davis and Cardinal American Inc., causing losses to Davis who was induced to leave his job and was forced to pay off the notes when Cardinal American Inc. became bankrupt. The court held that Davis' personal claims were maintainable because of the alleged tortious conspiracy to defraud him individually as well as to defaud the corporation.

In the instant case Met Ed's wrongful conduct was not directed at Charleston individually for the purpose of defrauding or injuring her but Charleston's claim is premised on negligence of Met Ed causing direct damages to the Lincoln Corporation property.

Plaintiff also cites *Buschmann v. Professional Men's Association*, 405 F.2d 659 (7th Cir. 1969), and *Sachs v. American Fletcher National Bank and Trust Company*, 258 Ind. 189, 279 N.E.2d 807 (1972), neither of which are applicable. In *Buschmann* the suit involved a contract entered into by the plaintiff with defendant who agreed to operate and manage the business of a new corporation for which the plaintiff shareholder guaranteed some loans, and plaintiff's suit was premised on breach of contract by defendant for mismangement and diverting assets of the corporation. In *Sachs* the

corporation obtained financing from defendant bank which allegedly assured the plaintiff shareholder that defendant would provide continual financing for the corporation venture, and plaintiff guaranteed the loan made to the corporation. Defendant failed to renew the loan or extend additional credit and foreclosed. Plaintiff alleged mismangement by defendant. The court ordered remand to allow plaintiff opportunity to state a claim in that the plaintiff "may have a personal cause of action," stating that "[a] personal cause of action arises when there is a breach of a duty owed specially to the stockholder separate and distinct from the duty owed to the corporation." 279 N.E.2d at 812, 811. In the instant case Charleston did not have any contractual or any other personal relationship with defendant Met Ed nor was there any breach of duty owed specially to Charleston by Met Ed.

There are cases from jurisdictions other than Pennsylvania which hold that a stockholder who is also a guarantor does not entitle such person to maintain an individual action. In *Mullins v. First National Exchange Bank of Virginia,* 275 F.Supp. 712 (W.D. Vir. 1967) a corporation executed a loan agreement with defendants which was separately guaranteed by plaintiff shareholders who when confronted with liability sued defendants for wrongful administration of the loan agreement. The court stated at 275 F.Supp. 722:

"The fact that plaintiffs were guarantors on the note executed by the corporation will not suffice to create a personal right of action independent of the harm suffered by the corporation."

The court arrived at this result even though the stockholder-guarantor was suing on the basis of wrongful administration by the defendant of the very loan that was guaranteed. In contrast, in the

instant case, defendant Met Ed did not receive any guarantee from Charleston. Similarly, in *Sherman v. British Leyland Motors Ltd.*, 601 F.2d 429 (9th Cir. 1979), a stockholder who guaranteed corporate obligations was not permitted to maintain individual actions against alleged tort-feasors to whom no guarantees were made and wherein the wrongdoing did not relate to the guarantee.

## Stockholder Charleston as a Creditor

In support of Charleston's contention that she has the right to bring an individual action as a creditor of the corporation she cites *Sedco International S.A. v. Cory*, 522 F.Supp. 254 (S.D. Iowa 1981), aff'd., 683 F.2d 1201 (8th Cir.), cert. denied, 459 U.S. 1017 (1982), and *Dustin v. Randall Faichney Corp.*, 263 Mass. 99, 160 N.E. 528 (1928). As relates to the instant case, both cases cited are inapposite. In *Sedco* the counterclaimant Carver was induced by fraudulent misrepresentations of Sedco International to form a venture corporation and to make personal loans to the corporation. Due to the misrepresentations, Carver's corporation sustained severe losses as did stockholder Carver in the capacity of creditor of the corporation, and Carver was able to recover damages from Sedco International. In *Dustin* a stockholder who was also a creditor of the corporation was allowed to enforce the statutory liability of the directors and officers of said corporation for issuing stock in violation of the statutes and for false representation. The court allowed plaintiff Dustin to recover damages under the statute which afforded a remedy for creditors of a corporation regardless of any stockholder status. The instant case does not involve any misrepresentations by Met Ed made to Charleston nor is there any statute

which enables Charleston as a creditor to recover from Met Ed.

Attempts by stockholders to pursue an individual cause of action for damage to the corporation based only on a creditor relationship have been rejected by various courts. In *Howell Steel Co. Inc. v. Trademark National Bank,* 666 F.Supp. 930 (S.D. Miss. 1987) the court stated at 932:

"The court is of the opinion that the Cokers' [one of whom was the sole shareholder] lending funds to the [Howell Steel] corporation, and mortgaging their home in order to do so, was a voluntary act on their behalf and represents no more than an investment in the corporation, thus placing them in no better position than any other creditor of Howell Steel [Corporation]." Also see, *New Castle Siding Co. Inc. v. Wolfson,* 63 N.Y.2d 782, 481 N.Y.S. 2d 70, 470 N.E.2d 868 (1984); *Sherman v. British Leyland Motors Ltd.,* 601 F.2d 429 (9th Cir. 1979).

## Economic Loss to Shareholder Charleston

Although Charleston alleges economic loss premised on negligent interference with her contractual relationship with the Lincoln Corporation as a stockholder/guarantor/creditor, she does not allege any physical harm to her person or her property.

In *Aikens v. Baltimore and Ohio Railroad Company,* 848 Pa. Super. 17, 501 A.2d 277 (1985) plaintiff employees of Motor Coils Manufacturing Company Inc. sought damages for lost wages alleging that defendant's negligence caused a train derailment which damaged the Motor Coils plant resulting in curtailment of production and loss of wages and work. Plaintiffs did not suffer any personal injury or property damage. The court denied

plaintiffs' right to recover, citing Restatement (Second) of Torts §766C, and stated:

"Thus, recovery for purely economic loss occasioned by tortious interference with contract or economic advantage is not available under a negligence theory. A cause of action exists in this situation only if the tortious interference was intentional or involved parties in a special relationship to one another.

"The roots of this well-established rule reach back to the U.S. Supreme Court decision of *Robins Dry Dock and Repair Company v. Flint,* 275 U.S. 303, 48 S. Ct. 134, 72 L.Ed. 290 (1927). Writing for the court, Mr. Justice Holmes stated: '[A]s a general rule, at least, a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong. The law does not spread its protection so far.' 275 U.S. at 309, 48 S.Ct. at 135, 72 L.Ed. at 292."

Also see, *Moore v. Pavex Inc.,* 356 Pa. Super. 50, 514 A.2d 137 (1986).

Physical damage to corporation property does not constitute physical injury to the person of a stockholder of the corporation. In *Barium Steel Corp. v. Wiley,* 379 Pa. 38, 47, 108 A.2d 336, 341 (1954), the court stated:

"It is well established that a corporation is a distinct and separate entity irrespective of the persons who own all its stock. The fact that one person owns all of the stock does not make him and the corporation one and the same person, nor does he thereby become the owner of all the property of the corporation. The shares of stock of a corporation are essentially distinct from the corporate property . . . " (citations omitted)

It should also be noted that although plaintiffs have not specifically argued that paragraphs 22, 23 and 24 of their amended complaint contain allegations of Met Ed's intent to harm both Lincoln Corporation and Charleston by failing to make a good-faith offer of settlement of plaintiffs' claim and thereby forcing litigation and injuring Lincoln Corporation and Charleston, we conclude that said allegations do not constitute a tort or other recognized wrongful conduct.

"The test to determine whether there is liability in an action of tort is in the answer to the question whether the defendant by an act or omission injured another by disregarding a duty imposed by law in respect to that other." *Ebbert v. Philadelphia Electric Company*, 330 Pa. 257, 269, 198 Atl. 323, 329 (1938). We know of no duty imposed on a defendant in a contested negligence suit for unliquidated damages, as in the instant case, to make an offer of settlement.

In *Martin v. Martin*, 118 Ga. App. 192, 163 S.E.2d 254, 256 (1968), the court relied on the following statement from 86 C.J.S. Torts §45:

"[T]here is no cause of action where no existing right has been violated, and thus merely compelling another to avail himself of his legal remedy by undertaking or carrying on litigation is not such conduct as constitutes a tort."

Also, in *Terry v. Zachry*, 272 S.W.2d 157 (Tex. Civ. App. 1954) the court stated at page 159:

"An arbitrary refusal to pay an unliquidated and disputed claim is not the basis for a suit for malicious defense of a suit. Especially is this true when the debtor is solvent."

For all of the above reasons we sustained Met Ed's demurrer to count II of plaintiffs' complaint for failure to state a cause of action.