385 So.2d 620 (1980)
Theodore F. BRUNO
v.
SOUTHEASTERN SERVICES, INC.
No. 51742.
Supreme Court of Mississippi.
July 9, 1980.
Heidelberg, Woodliff & Franks, Sam E. Scott, John B. MacNeill, Jackson, for appellant.
Gerald, Brand, Watters, Cox & Hemleben, Kenneth Harmon, Jack W. Brand, Luther S. Ott, Jackson, for appellee.
En Banc.
SUGG, Justice, for the Court.
The principal question in this case is whether a stockholder who owns all the stock of a corporation can bring a suit to recover individually for defendant's breach of an oral agreement under which the defendant was to invest equity capital in the corporation and guarantee a loan to the corporation from a bank.
Theodore F. Bruno, plaintiff, filed an action for damages in the Circuit Court of the First Judicial District of Hinds County against Southeastern Services, Inc., defendant, alleging breach of contract, malicious interference with the right of plaintiff to pursue a lawful business, and fraud. Defendant's demurrer to the declaration was sustained, hence this appeal by plaintiff.
Plaintiff filed his declaration in three counts against the defendant for $200,000 actual damages and $50,000 punitive damages. In Count I, plaintiff alleged that about October 10, 1978, defendant learned that plaintiff was seeking sources of equity capital for his business, Bruneau's, Inc., and through its agent represented to plaintiff it was interested in investing equity capital in the corporation. Plaintiff owned one hundred percent of the capital stock of Bruneau's, Inc. After discussions which lasted *621 about three weeks, defendant offered to invest $50,000 equity capital in the corporation together with an individual who would also invest $50,000 equity capital in the corporation. The offer was subject to the condition that First National Bank of Jackson would make an additional loan of $250,000 to the corporation which would be guaranteed by the defendant. Defendant's offer was later changed in that two individuals would invest $25,000 each in equity capital. Plaintiff accepted defendant's offer but a contract was never signed by the parties. First National Bank agreed to make the loan and later raised its commitment to the sum of $275,000. Plaintiff alleged that defendant breached the contract without notice, and as a result of the breach First National Bank foreclosed on various loans which forced the corporation into bankruptcy and destroyed the value of his stock in the corporation. Plaintiff alleged that he suffered actual damages of $200,000, the value of his stock.
In Count II, plaintiff alleged that the negotiations leading up to the contract and the steps taken toward performance of the contract were done at a time when it was imperative for plaintiff to find additional capital for his business, Bruneau's, Inc. He further alleged that the breach of contract, and the delay occasioned by the actions of the defendant deprived him of the opportunity to obtain capital from other sources, and these facts were well known to defendant when it breached its contract and refused to invest capital in the corporation. Plaintiff charged the acts of defendant caused plaintiff to suffer actual damages in the amount of $200,000. Plaintiff further alleged that he was entitled to punitive damages in the amount of $50,000 because the actions of defendant were intentional, willful and malicious.
In Count III, plaintiff alleged the acts of the defendant amounted to fraud and deceit.
Defendant filed a general demurrer on numerous grounds which may be consolidated as follows: (1) Any cause of action for breach of an agreement to invest equity capital in the corporation belonged to the corporation and to guarantee a loan of the corporation belonged to the corporation rather than to plaintiff individually. (2) The only manner by which plaintiff can assert the cause of action alleged in the declaration is on behalf of the corporation in a shareholder derivative action.
In his suit, plaintiff sought damages for the destruction of the value of his stock in the corporation. His suit is based on a contract between defendant and the corporation under which the defendant agreed to invest capital in the corporation and to guarantee a loan of the corporation. The defendant did not contract with the plaintiff to lend plaintiff money or to guarantee a debt of the plaintiff, but the contract was between plaintiff and Bruneau's, Inc., a corporation owned by the plaintiff. Under Mississippi Law, a corporation is an entity separate and distinct from its stockholders. Illinois Central RR. Co. v. Cottonseed Co., 166 Miss. 579, 148 So. 371 (1942). See United States v. State Tax Commission of the State of Mississippi, 505 F.2d 633 (5th Cir.1974), and Childers v. Beaver Dam Plantation, Inc., 360 F. Supp. 331 (N.D.Miss. 1973), (Applying Mississippi Law).
Our research reveals no Mississippi cases dealing with the right of a stockholder to bring suit in an individual capacity to redress a wrong done to a corporation. In other jurisdictions the rule is well established that a stockholder of a corporation has no personal or individual right of action against third persons for a wrongful injury to a corporation although the injury may result in the destruction or depreciation of the value of corporate stock. 36 A.L.R.2d 1351; 167 A.L.R. 280; 18 C.J.S. Corporations § 559; 19 Am.Jur.2d, Corporations § 525 (1939).
In Schaffer v. Universal Rundle Corp., 397 F.2d 893 (5th Cir.1968), (applying Texas law), the Court stated:
The general rule is, of course, well established that an action to redress injuries to a corporation, whether arising out of contract or tort, cannot be maintained by a stockholder in his own name but must be *622 brought in the name of the corporation, since the cause of action being in the corporation, the stockholder's rights are merely derivative and can be asserted only through the corporation. The general rule is applicable in cases where the individual is the sole stockholder. The rule does not apply in a case where the stockholder shows a violation of duty owed directly to him. That exception to the general rule does not arise, however, merely because the acts complained of resulted in damage both to the corporation and to the stockholder, but is confined to cases where the wrong itself amounts to a breach of duty owed to the stockholder personally. (397 F.2d at 896).
The reasons supporting the rule are succinctly stated in 6 Cavitch, Business Organizations section 199.03[1] (Rev.Ed. 1979), as follows:
(1) The corporation is a separate entity and the shareholder does not have a legal interest in its property.
(2) Multiplicity of suits by individual shareholders will be avoided.
(3) Impairment to creditors' rights will be avoided since the recovery will belong to the corporation.
(4) Corporate recovery benefits all shareholders equally.
We adopt the rule in Mississippi that an action to redress injuries to a corporation, whether arising in contract or in tort cannot be maintained by a stockholder in his own name, but must be brought by the corporation because the action belongs to the corporation and not the individual stockholders whose rights are merely derivative. The rule applies even though the complaining stockholder owns all or substantially all of the stock of the corporation. Artic Contractors, Inc. v. State, 573 P.2d 1385 (Alaska 1978); Martin v. Maldonado, 572 P.2d 763 (Alaska 1977); Maki v. Ziehm's Estate, 55 A.D.2d 454, 391 N.Y.S.2d 705 (1977); Bevelheimer v. Gierach, 33 Ill. App.3d 988, 339 N.E.2d 299 (1975); Box v. Roberts, 112 Colo. 234, 148 P.2d 810 (1944); Cullum v. General Motors Acceptance Corp., Tex.Civ.App., 115 S.W.2d 1196 (1938); Hidalgo v. McCauley, 50 Ariz. 178, 70 P.2d 443 (1937); Warren Telephone Co. v. Staton, 46 Ohio App. 505, 189 N.E. 660 (1933); Stinnett v. Paramount Famous Lasky Corp. of New York, Tex.Com.App., 37 S.W.2d 145 (1931); Green v. Victor Talking Machine Co., 24 F.2d 378 (2d Cir., 1928), cert. denied, 278 U.S. 602, 49 S.Ct. 9, 73 L.Ed. 530 (1928); 13 W. Fletcher, Cyclopedia of the Law of Private Corporations § 5910 at 283 (Rev.Ed. 1970); 18 C.J.S. Corporations § 559 (1939).
We hold that the basis of the suit in this case is a wrong to the corporation and plaintiff may not bring suit in his individual capacity to redress a wrong to the corporation. The cause of action belongs solely to the corporate entity, Bruneau's, Inc., and may be asserted only by the corporation itself or by plaintiff in a representative capacity in the form of a shareholder derivative suit. The corporation is an indispensable party to such an action. In 13 Fletcher, Cyclopedia Corporations, Section 5908, pages 279, 280, the author states:
Where the basis of the suit is a wrong to the corporation, redress must be sought in a "derivative" suit. The stockholders' derivative suit, like the pure "class" suit, was an invention of equity as a form of "representative" suit. But the incidents and characteristics of derivative and class suits are quite different. In the stockholders' derivative suit the right of the plaintiff to maintain the suit is derivative or secondary. The corporation is not a mere formal, but is an indispensable party to the action.
The declaration alleges that Bruneau's, Inc., was in bankruptcy at the time the action was instituted, so the decision regarding whether the corporation should bring an action, and the prosecution of such an action, is vested in the Trustee in Bankruptcy. Plaintiff may not bring a shareholder derivative action without authorization by the bankruptcy court.
The bill of complaint states an action for Bruneau's, Inc., and, of course, the bankruptcy court may authorize a suit by the corporation. In such suit by the corporation, *623 any recovery would inure to the benefit of the creditors of Bruneau's, Inc., and after their claims are satisfied, any balance remaining would inure to the benefit of plaintiff as the sole stockholder.
The trial court properly sustained the demurrer because the suit was based on a contract between defendant and Bruneau's, Inc., to invest capital in the corporation and guarantee a loan of the corporation. The defendant did not agree to lend plaintiff money or to guarantee plaintiff's debt, but rather to the corporation which was wholly owned by the plaintiff. The gravamen of the action is a wrong to the corporation which may not be redressed by plaintiff in his individual capacity.
AFFIRMED.
PATTERSON, C.J., SMITH and ROBERTSON, P. JJ., and WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.