448 So.2d 292 (1984)
Wiley FAIRCHILD, et al.
v.
John W. KEYES.
No. 54194.
Supreme Court of Mississippi.
April 4, 1984.
S. Robert Hammond, Jr., Jackson, Hammond, Sellers & Guest, Wallace R. Gunn, Hattiesburg, for appellants.
Robert F. Drake, Drake & Graben, Frances T. Zachary, Zachary & Zachary, Hattiesburg, for appellee.
Before PATTERSON, C.J., and BOWLING and DAN M. LEE, JJ.
*293 DAN M. LEE, Justice, for the Court:
This is an appeal from the Chancery Court of Forrest County wherein the appellants, Wiley and Rodney Fairchild, were ordered to specifically perform an agreement to dissolve a closed corporation formed and wholly owned by the appellants and appellee. Feeling aggrieved of that decision the Fairchilds bring this appeal and assign a number of errors. Because our decision on the first assignment is dispositive of this case, we do not address the other issues.
At the outset we wish to note that, though we must reverse, the chancellor should be commended for his patience and efforts in a suit such as this where the record is voluminous and the issues complex.
In March, 1978, the parties to this suit Rodney Fairchild, Wiley Fairchild and John Keyes, formed a closed corporation named F.F. & K. Oil Company, Inc..[1] They were the sole shareholders with the distribution of shares as follows:
Wiley Fairchild, 40%; Rodney Fairchild, 30%; John Keyes, 30%. Keyes served as President, Wiley as chairman of the board, and Rodney as vice president.
On October 10, 1978, a meeting of the board of directors was held from which Rodney Fairchild was absent. From that meeting came a document entitled "Minutes of a Special Meeting of the Board of Directors." Those minutes reflect that a motion was adopted "That it be the intent of the directors to dissolve the corporation in February, 1979, after the end of the fiscal year, and distribute the assets of the corporation at that time provided it is wise from a tax standpoint."
Following this meeting there was a second special meeting of the board of directors. At that time Keyes was replaced as president of the corporation by Robert L. Jarvis. At this meeting it was also *294 resolved that the corporation not be dissolved. Keyes voted against this resolution.
On July 27, 1979, Keyes filed a petition in the Chancery Court of Forrest County seeking specific performance of what he alleged was an agreement to dissolve the corporation and to liquidate its assets. The petition plainly stated that Keyes was suing the Fairchilds "In their individual capacities as well as in their corporate capacity as majority stockholders, officers and directors of the corporation ..." The Fairchilds responded by filing a demurrer which argued that the suit failed for non-joinder of a necessary party, i.e., the corporation.
In a hearing on the demurrer, Keyes took the position that this was an action against the Fairchilds as individuals, not in their corporate capacity. The chancellor then overruled the demurrer and held that in a suit for specific performance of an agreement to dissolve, the corporation need not be named as a party. We reverse.
Obviously, in order to take the steps necessary to dissolve the corporation, which specific performance would require in this suit, the Fairchilds would have to act in their capacity as corporate directors. This is acknowledged by Keyes' bill of complaint which named the Fairchilds as defendants both in their capacity as individuals and as corporate directors, even though he has taken a different position in the hearing on the demurrer and this appeal.
In 19 Am.Jur.2d Corporations § 1608, the general rule is stated that:
In an action brought by a minority stockholder to dissolve a corporation all the stockholders must be made parties, and the corporation, of course, is a necessary party to the suit.
This appears to be the soundest rule, especially so in the instant case. This is so because the alleged contract which is sought to be specifically performed was a result of a meeting of the board of directors. An agreement to dissolve the corporation, made by the board of directors, at a meeting of such directors is an act taken by the directors in their corporate capacity.
In Bruno v. Southeastern Services, Inc., 385 So.2d 620 (Miss. 1980), an analogous question arose. In that case, the sole stockholder of Bruneau's, Inc., Bruno, brought suit against an investment corporation which had allegedly defaulted on an agreement to invest equity capital in the corporation. In that case this Court again announced the rule that under Mississippi law a corporation is an entity separate and distinct from its stockholders. The Court went on to hold that where the basis of a suit is a wrong to the corporation, a plaintiff may not bring suit in his individual capacity to redress the wrong. The cause of action belongs solely to the corporate entity and may be asserted only by the corporation itself or by the plaintiff in a representative capacity in the form of a shareholders derivative suit. We then stated that: "The corporation is an indispensable party to such an action." 385 So.2d at 622. We made it clear that the rule applies even though the individual stockholder owns all or substantially all of the stock in the corporation.
If the corporation is an indispensable party to a suit brought to protect its interest, then certainly it must be an indispensable party to a suit brought to dissolve it. Although Keyes has termed his suit one for specific performance, it was in effect a shareholders derivative action charging the directors of the corporation with an ultra vires failure to comply with decisions of the board of directors.
Of course, as we must reverse this cause for failure to join the corporation as a necessary party, we do not decide whether there was in fact any action which binds the directors to a decision to dissolve the corporation. Indeed, we recognize that by statute a corporation is entitled to revoke proceedings for a voluntary dissolution. §§ 79-3-175  177 Miss. Code Ann. (1972). We also note that during the oral argument on this appeal, both parties conceded that any dissolution of the corporation must be accomplished by means provided for within Title 79, Chapter 3 of the Mississippi Code *295 Annotated. On remand, should the corporation be joined as a party and this litigation begun anew, the learned chancellor is reminded that any dissolution, should one be ordered, must comport with statutory requirements as the corporation itself is a creature of the statutes.
The three shareholders and directors here, members of the corporate family, once evidenced a great deal of trust and reliance in one another. Now their relationship has eroded to the point that they feel they must seek the assistance of the courts to resolve their dispute. A close reading of the record and common sense suggests to us that this matter could have and should have been resolved without reference to the courts. Surely such a negotiated settlement would be the optimum resolution of this dispute.
Based on all of the foregoing, we hereby reverse the decision of the chancellor and remand this cause for proceedings consistent with this opinion.
REVERSED AND REMANDED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, PRATHER and ROBERTSON, JJ., concur.
SULLIVAN, J., not participating.
NOTES
[1] The corporation's name was subsequently changed to Oil and Gas Properties, Inc.