JAMES, J.,
for the Court:
¶ 1. This appeal involves a complaint against a water supply company and Coa-homa County, Mississippi (Coahoma County) following the destruction of a water line to Peggy Sturdivant’s property. Sturdi-vant contests the judgment of the Coaho-ma County Circuit Court granting summary judgment in favor of Moore Bayou Water Association, Inc. (Moore Bayou) and dismissing all claims against Coahoma County. Sturdivant assigns the following errors: 1) the trial court’s grant of summary judgment was improper because genuine issues of material fact existed regarding Sturdivant’s membership with Moore Bayou, and 2) Sturdivant’s claims against Coahoma County were not properly dismissed because good cause for failure *1154 to timely serve process was shown. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶2. Moore Bayou is a nonprofit corporation authorized by the Mississippi Public Service Commission to supply water to properties of its members within a specified service area. Some of Moore Bayou’s water lines run along Highway 61 in Coa-homa County, Mississippi. Sturdivant is the owner of Showtime, Inc., a corporate entity existing under the laws of Mississippi.[1] Sturdivant purchased a building located on the east side of Highway 61, and began operating Showtime from that location. The property purchased by Sturdivant has been generally used for commercial purposes. On October 4, 2005, Showtime entered into a water user’s agreement with Moore Bayou, and paid a membership fee and deposit of $135.41. Thereafter, Moore Bayou began supplying water to the property. At some point, Showtime’s water account with Moore Bayou became several months delinquent, and had accrued an outstanding balance of $104.46. As a result, Showtime’s water services were cut off, and its membership with Moore Bayou was terminated. Moore Bayou issued a check to Showtime in the amount $30.95, which represented the difference between Showtime’s deposit and membership fee of $10 and its outstanding balance. The check, dated June 14, 2006, was later negotiated by Sturdivant. On July 5, 2006, the check cleared through Moore Bayou’s bank account.
¶ 3. The following year, the Mississippi Department of Transportation (MDOT), along with Coahoma County, began a highway-expansion project on Highway 61. At a board meeting held on August 14, 2007, Moore Bayou learned that its water lines had been struck several times during the course of the construction, including the water line that previously supplied water to Sturdivant’s property on Highway 61. As result of the damage, the water line to Sturdivant’s property was irreparable. After meeting with a representative from Evans Engineering to assess the damage, Moore Bayou was informed that a new water line leading to Sturdivant’s property would cost $19,688. At that time, Moore Bayou was not providing water services to any property on or near Highway 61. For this reason, Moore Bayou decided not to extend a new water line along Highway 61 due to the great expense. According to Moore Bayou, the total cost for the line, including replacement, construction, labor, and materials, would be approximately $33,204. Pursuant to a mutual agreement, Moore Bayou and Coahoma County each paid a portion of the fee to replace the damaged water lines that serviced other properties.[2] A new line ending approximately 7,000 feet from Highway 61 was installed. As of the time this matter was before the trial court, the water line leading to Sturdivant’s property had not been replaced.
¶ 4. In August 2010, Sturdivant contacted Moore Bayou to request water service to her property. Sturdivant claims that she never received notice from Moore Bayou about the termination of her water service. According to Sturdivant, she tempo *1155 rarily disconnected the water service in 2006 to avoid the hazard of burst pipes or water leaks while she was away from her property. However, Moore Bayou denies this contention. Charles Veazey, treasurer for Moore Bayou, issued a letter to Sturdivant informing her that she would have to pay a membership fee and deposit and be issued a new water user’s agreement in order to restore water service to her property. Veazey also informed Stur-divant that she would have to bear the cost to have the line replaced. Attached to the letter was a itemization of the projected $33,204 for replacing the water line.
¶ 5. On September 1, 2010, Sturdivant filed a complaint for damages against Moore Bayou, Coahoma County, and MDOT. In the complaint, Sturdivant alleged that Moore Bayou was negligent in failing to install a new water line to her property and in failing to provide notice to her that the line was damaged. Also, Sturdivant alleged that Moore Bayou breached its contract with her by terminating her water service without notice. Regarding MDOT and Coahoma County, Sturdivant included an inverse-condemnation claim, arguing that the destruction of the water line during the highway-expansion project had reduced the value of her property.[3]
¶ 6. On September 24, 2010, Sturdivant issued a notice-of-claim letter to Coahoma County. On April 19, 2011, nearly seven months after filing the complaint, Sturdi-vant served process on Coahoma County. On March 14, 2011, Moore Bayou filed a motion for summary judgment. Finding that Sturdivant had failed to present sufficient evidence to support her claims of negligence and breach of contract against Moore Bayou, the trial court granted the motion. On January 16, 2012, Coahoma County filed a motion to dismiss, arguing, among other things, that Sturdivant failed to timely effectuate service of process under Rule 4(h) of the Mississippi Rules of Civil Procedure. Finding that Sturdivant failed to show good cause for her delay, the trial court granted the motion. Aggrieved, Sturdivant now appeals.
DISCUSSION OF THE ISSUES
I. Whether the trial court’s grant of Moore Bayou’s motion for summary judgment was proper.
¶7. “The standard of review of a trial court’s grant of a summary judgment motion is de novo.” Stuckey v. The Provident Bank, 912 So.2d 859, 864 (¶ 8) (Miss.2005) (citing Miller v. Meeks, 762 So.2d 302, 304 (¶ 3) (Miss.2000)). Summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). “[W]hen a motion for summary judgment is made and supported, ‘an adverse party may not rest upon the mere allegations or denials set forth in his pleadings, but his response must set forth specific facts showing that there is a genuine issue for trial.’ ” In re Estate of Laughter, 23 So.3d 1055, 1060 (¶ 17) (Miss.2009) (quoting M.R.C.P. 56(e)).
¶8. As a basis for her argument that genuine issues of material fact exist regarding both of her claims against Moore Bayou, Sturdivant maintains that at the time the water line to her property was destroyed, her membership with Moore Bayou was active, as Moore Bayou *1156 never provided her with any notice of termination of her water service. It is Stur-divant’s contention that because she was still an active member at the time the water line was destroyed, Moore Bayou had a duty to inform her of the damage and to make the necessary repairs. Moore Bayou argues that it owed Sturdivant no such duty, as Sturdivant was never a member of the water association. Our review of the record shows that, as Moore Bayou contends, Showtime, as opposed to Sturdi-vant herself, was a member of the association, as evidenced by a “Water User’s Agreement.” Moore Bayou undertook to provide water service to Showtime, not to Sturdivant. Although Sturdivant is the sole shareholder of Showtime, the record does not indicate that Sturdivant took any steps to become a successor-in-interest of the corporation, which would have given her independent standing to sue Moore Bayou for breach of contract. The general rule is that “an action to redress injuries to a corporation, whether arising in contract or in tort[,] cannot be maintained by a stockholder in his own name, but must be brought by the corporation because the action belongs to the corporation and not the individual stockholders whose rights are merely derivative.” Bruno v. Se. Servs., Inc., 385 So.2d 620, 622 (Miss.1980). This rule applies even when the claimant is the sole shareholder of the corporation. Id. (citations omitted).
¶ 9. Despite the standing issue, Sturdivant’s argument fails for a number of reasons. First, regarding Sturdivant’s breach-of-contract claim, Moore Bayou produced evidence in support of its summary-judgment motion showing that its contractual relationship with Showtime had ended long before the water line to Sturdivant’s property was damaged. As previously stated, Showtime’s account with Moore Bayou had become several months delinquent. Sturdivant maintains that she never received notice of termination of the account from Moore Bayou. However, a refund check for $30.95 was issued by Moore Bayou in 2006. This amount reflected the difference between the $135.41 water deposit and the overdue balance of $104.46.[4] Although Sturdivant argues that the check itself was not sufficient notice of termination, the record shows that she later negotiated the check, and made no inquiry as to what the check represented. In fact, Sturdivant had no contact with Moore Bayou for over four years thereafter.
¶ 10. To rebut Moore Bayou’s summary-judgment motion, Sturdivant simply denied that the membership was terminated, and asserted that she merely disconnected the water service temporarily in order to avoid any water leaks or burst pipes while she was away from the property. Yet, Sturdivant has not presented any probative evidence to support her argument, as required by Rule 56. “Mere general allegations which do not reveal detailed and precise facts will not prevent the award of summary judgment.” Stuckey, 912 So.2d at 865 (quoting Brown v. Credit Ctr., 444 So.2d 358, 364 (Miss.1983)). “The party opposing the motion is required to bring forward significant probative evidence demonstrating the existence of the triable issue of fact.” Id. (quoting Brown, 444 So.2d at 364). Here, Sturdivant relied solely on her general allegations in an effort to avoid summary judgment. Thus, the trial court properly granted summary judgment in favor of *1157 Moore Bayou regarding the breaeh-of-con-tract claim.
¶ 11. As for the negligence claim, Sturdivant argues that Moore Bayou had a duty to provide water service to her property, and because Moore Bayou failed to replace the damaged water line, Sturdivant had suffered damages in the form of lost profits to Showtime. As pointed out by the trial court, Sturdivant has mistakenly couched her claim in terms of negligence. However, Moore Bayou’s decision to not replace the damaged water line to Sturdi-vant’s property was intentional. Sturdi-vant has not presented any evidence to show negligence on the part of Moore Bayou. Furthermore, Sturdivant has not presented evidence of any injury suffered as a result of the damage to the water line. Although she contends that Showtime’s business operations have suffered due to the lack of water supply to her property, nothing in the record supports this claim. In fact, during the hearing on the motion for summary judgment, Sturdivant’s attorney stated that Showtime was administratively dissolved by the State in 2007. Without any probative evidence of damage, Sturdivant cannot demonstrate a triable issue on her negligence claim. Accordingly, we find that the trial court’s grant of summary judgment with respect to this cause of action was proper. This issue is without merit.
II. Whether the trial court erred in granting Coahoma County’s motion to dismiss. •
¶ 12. Next, Sturdivant argues that the trial court’s dismissal of all claims against Coahoma County was improper. The primary basis for Coahoma County’s motion to dismiss was Sturdivant’s failure to timely effectuate service of process as required by Rule 4(h) of the Mississippi Rules of Civil Procedure. Rule 4(h) states:
If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court’s own initiative with notice to such party or upon motion.
¶ 13. Sturdivant filed her complaint on September 1, 2010. Thus, she had 120 days from that date to serve process on Coahoma County. However, Sturdivant did not serve process on Coahoma County until April 19, 2011, substantially beyond the 120-day time limit. As an excuse for her delay, Sturdivant argues that she was presented with the problem of having one defendant — Moore Bayou — that was a non-governmental entity, and one defendant — the County — that was a governmental entity and protected by the Mississippi Tort Claims Act (MTCA), which mandates a ninety-day notice period before having summons issued upon a governmental entity. Miss.Code Ann § 11-46-11(1) (Rev. 2012). Here, a notice of claim was issued to Coahoma County by Sturdivant on September 24, 2010. Sturdivant claims that in order to comply with the notice requirement under the MTCA, she had to wait until the ninety-day notice period expired before serving process on Coahoma County.
¶ 14. The trial court determined that Sturdivant’s intentional delay in serving process did not constitute good cause. Sturdivant made no attempt to obtain an extension of time to serve process on Coa-homa County. Furthermore, Sturdivant provided no authority to support her argument that compliance with the MTCA’s *1158 notice period should excuse a plaintiffs failure to serve process upon a defendant, that defendant being a governmental entity, within 120 days as required by Rule 4(h). The appellate court “leaves to the discretion of the trial court the finding of fact on the existence of good cause or excusable neglect for delay in serving process under Rule 4(h).” Stutts v. Miller, 37 So.3d 1, 3 (¶ 7) (Miss.2010) (quoting Johnson v. Thomas ex rel. Polatsidis, 982 So.2d 405, 409 (¶ 11) (Miss.2008)). “Only where such discretion is abused or is not supported by substantial evidence will [the appellate court] reverse.” Id. (internal quotation and citation omitted). Here, we find no abuse of discretion in the trial court’s determination that no good cause was shown by Sturdivant in failing to timely serve process on Coahoma County. Thus, the grant of Coahoma County’s motion to dismiss was proper. This issue is without merit.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ. BARNES, ISHEE, ROBERTS, MAXWELL AND FAIR, JJ„ CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.

. Sturdivant is a resident of Los Angeles, California, and owns property in Coahoma County, Mississippi.

. The record is silent as to what percentage of the cost was paid by each party. For reasons unclear to this Court, both parties agreed that the $19,688 needed to replace the line to Sturdivant's property would be solely borne by Moore Bayou.

. Later in the proceedings, Sturdivant filed a motion to dismiss MDOT without prejudice, which was granted by the trial court.

. The 135.41 water deposit included a $10 membership fee and a $120 meter deposit plus tax.