# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CA-00518-SCT

*COLUMBUS CHEER COMPANY*

*v.*

*CITY OF COLUMBUS, MISSISSIPPI, MAYOR ROBERT SMITH, SR., COLUMBUS, MUNICIPAL SCHOOL DISTRICT, DR. DEL PHILLIPS, DR. MARTHA LIDDELL, TOMMY PRUDE, ALMA TURNER, CURRIE FISHER, BRUCE HANSON AND GLENN LAUTZENHISER*


| | |
|---|---|
| DATE OF JUDGMENT: | 03/14/2013 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS, JR. |
| TRIAL COURT ATTORNEYS: | MONIQUE MONTGOMERY |
| | JEFFREY J. TURNAGE |
| | CHRISTOPHER D. HEMPHILL |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | RICHARD SHANE MCLAUGHLIN |
| | NICOLE H. MCLAUGHLIN |
| ATTORNEYS FOR APPELLEES: | MICHAEL D. CHASE |
| | JEFFREY JOHNSON TURNAGE |
| | CHRISTOPHER D. HEMPHILL |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 10/23/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |


**BEFORE RANDOLPH, P.J., LAMAR AND KITCHENS, JJ.**

**RANDOLPH, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Columbus Cheer Company ("CCC") entered into a rental contract for the use of school facilities. Subsequently, CCC was informed that Columbus Municipal School District

("CMSD") would not honor the contract with CCC. Thereafter, CCC filed a complaint in the Circuit Court of Lowndes County, Mississippi.[1] The complaint is styled CCC as plaintiff. The first sentence of paragraph I, Parties, reads verbatim, "[p]laintiff Columbus Cheer Company is a profit corporation licensed to due [sic] business in the state of Mississippi . . . ." The prayer seeks judgment for plaintiff, i.e., CCC. Defendants filed their motion to dismiss or for summary judgment, asserting that CCC was an administratively dissolved corporation; therefore, CCC could not have entered into a valid contract with CMSD, and CCC did not possess the requisite legal status to initiate suit. The trial court entered an order granting Defendants' motion for summary judgment.

¶2.    Aggrieved, CCC filed an appeal with this Court. The following issues are before this Court on appeal:

    I.    Whether a dissolved corporation may pursue a legal action; and if not,

    II.    Can the corporation's shareholders pursue the same action in their own name?

¶3.    We conclude the answer to both inquiries is no.

**STANDARD OF REVIEW**

¶4.    When reviewing the trial court's grant or denial of summary judgment, this Court employs a *de novo* review. ***Lee v. Golden Triangle Planning & Dev. Dist.***, 797 So. 2d 845,

---

[1]It is undisputed that CCC was a registered corporation, created July 31, 2009. It is also undisputed that CCC was administratively dissolved on December 6, 2010. Monique Montgomery, co-owner with husband Tony of CCC, is the attorney of record and filed the subject complaint.

847 (Miss. 2001) (citation omitted). Summary judgment is appropriately granted when the movant is "entitled to judgment as a matter of law" because no genuine issue of material fact exists. *Id*. (citing M.R.C.P. 56(c)); *Cothern v. Vickers, Inc.*, 759 So. 2d 1241, 1245 (Miss. 2000)). All evidentiary materials are considered, which includes "admissions in pleadings, answers to interrogatories, depositions, affidavits, etc." *Lee*, 797 So. 2d at 847 (citation omitted).

## I.

¶5.     CCC argues before this Court that, regardless of its prior self-identification as a "profit corporation," CCC is, in actuality, an unincorporated business. At the trial-court hearing, CCC unsuccessfully argued that, because of the corporation's administrative dissolution, CCC automatically transformed into a sole proprietorship. Both arguments are unavailing.

¶6.     Mississippi Code Section 79-4-14.21(f) reads, "[a] corporation that has been administratively dissolved may not maintain any action, suit or proceeding in any court of this state until the corporation is reinstated." Miss. Code Ann. § 79-4-14.21(f) (Rev. 2013). A plain reading of Mississippi Code Section 79-4-14.21 specifies that administratively dissolved corporations continue to exist regarding agreements established *prior* to dissolution and for the purposes of defending the corporation in actions stemming from such agreements. Miss. Code Ann. § 79-4-14.21(e)-(f) (Rev. 2013) (emphasis added). However, administratively dissolved corporations cannot "maintain" a legal action. *Id*.[2]

---

[2]In part, the trial court relied on the former Mississippi Code Section 79-4-14.21(c), which stated that an administratively dissolved corporation:

¶7.    In **Galen**, a Mississippi corporation initiated suit after submitting bids for a potential contract in which a competing corporation was awarded the contract. **Galen Med. Assocs., Inc.**, 74 Fed. Cl. at 378-79. The United States Court of Federal Claims, applying Mississippi law, determined that Galen lacked standing to bring legal action and was incapable of contracting because the corporation had been administratively dissolved pursuant to Mississippi Code Sections 79-4-14.20 and 79-4-14.21. *Id*. at 380-81. The court further found that Galen's actions were in no way associated with "winding up" the corporation. *Id*. at 381.

¶8.    CCC does not deny that it was administratively dissolved in December 2010. Further, CCC does not allege that its actions were in any way related to the "winding up" of the corporation. *See* Miss. Code Ann. § 79-4-14.21(c) (Rev. 2013). Rather, CCC now argues that it never initiated legal action as a corporation. CCC argues that it was initiating action as an "unincorporated partnership." CCC previously identified itself as a "profit corporation." Only after Defendants filed their motions to dismiss or for summary judgment did CCC seek to amend its complaint to identify itself as a "sole-proprietorship company." Based on the record before us, it is clear that CCC initiated legal action as Columbus Cheer Company, a profit corporation, a standing it did not enjoy. By statute, CCC had no right to pursue this

---

continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs . . . .

**Galen Med. Assocs., Inc. v. U.S.**, 74 Fed. Cl. 377, 380 (Fed. Cl. 2006) (citing Miss. Code Ann. § 79-4-14.21(c)[(2006)]).

legal action while the corporation was administratively dissolved. Miss. Code Ann. § 79-4-14.21(f) (Rev. 2013).

## II.

¶9. As quoted *supra*, CCC commenced legal action against Defendants to enforce a contract entered into by CCC. No allegation was made that the putative shareholders of CCC, Monique or Tony, entered into a contract with Defendants. Defendants cite ***Superior Boat Works, Inc.***, applying Mississippi law, which holds that neither the president nor the shareholders of Superior Boat Works, Inc., an administratively dissolved corporation, could pursue a legal action on a contract that was entered into by the corporation. ***4H Constr. Corp. v. Superior Boat Works, Inc.***, 659 F. Supp. 2d 774, 779 (N.D. Miss. 2009). ***Superior Boat Works, Inc.***, relied on ***Bruno v. Southeastern Services Inc.***, in which this Court stated:

> We adopt the rule in Mississippi that an action to redress injuries to a corporation, whether arising in contract or in tort cannot be maintained by a stockholder in his own name, but must be brought by the corporation because the action belongs to the corporation and not the individual stockholders whose rights are merely derivative. The rule applies even though the complaining stockholder owns all or substantially all of the stock of the corporation.

***Bruno v. Southeastern Servs. Inc.***, 385 So. 2d 620, 622 (Miss. 1980) (citations omitted).

¶10. Accordingly, the trial court properly denied CCC's motion to amend its complaint to add them as party-plaintiffs.

## CONCLUSION

¶11. The trial court found that CCC had initiated this legal action as a corporation, after the corporation had been administratively dissolved. As neither CCC nor its shareholders could

5

legally file suit, a grant of summary judgment to Defendants was warranted. We affirm the judgment of the Circuit Court of Lowndes County.

¶12.    **AFFIRMED**.

**WALLER, C.J., DICKINSON, P.J., LAMAR, KITCHENS, CHANDLER, PIERCE, KING AND COLEMAN, JJ., CONCUR.**

6